THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. FLEMING, Defendant-Appellant.

(No. 74-14;

Fifth District—September 25, 1975.

Paul Bradley and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

A jury found the defendant, James Fleming, guilty of the crime of armed robbery. The court sentenced him to 8 to 24 years in the penitentiary. On appeal the accused presents the following issues for review: (1) whether he was proven guilty beyond a reasonable doubt; (2) whether the prosecutor committed reversible error during closing argument by commenting on the defendant's failure to call alibi witnesses or by expressing his personal belief in the defendant's guilt.

The defendant's jury trial for the armed robbery of Fab-N-Trim store in Carbondale, Illinois, began on October 9, 1973. The State called seven witnesses, two of whom positively identified the defendant as the robber of the store. Linda Truitt, assistant manager of the store, described the robbery, which took place on July 3, 1973, between 3:30 and 4 p.m. A man with a gun approached her and told her to take the money out of the cash register. He then made her and other employees lie down in another room. The assistant manager testified that the robber wore blue jeans, a blue jean jacket, a navy stocking cap, a black shirt, and sunglasses. She described him as tall and thin. At a lineup she had identified the defendant as the robber but had not been positive of her identification. At trial, however, she was certain of her identification of the accused as her assailant. Mrs. Lawrence Martin, a customer at the store, also positively identified the defendant at trial. She had also identified him at the lineup. Mrs. Martin testified that she had been about eight feet away from the robber during the incident, and her description of the assailant's clothing matched that of the assistant manager of the store.

Camilla Hedden, manager of the store, and Rebecca Bishop, another customer, were unable to positively identify the defendant during the trial. Rebecca Bishop, who had been only two feet away from the assailant, "felt" that the defendant was the robber. The three other State witnesses were unable to identify the defendant as the perpetrator of the robbery.

The defendant presented an alibi defense. An employee of the City of Carbondale testified that while making holiday preparation on the day in question between 2:30 and 5 p.m., he visited the home of his friend Roy Clark. There, he saw the defendant. The alibi witness stated that on two different occasions during the afternoon he left the house for about 15 to 20 minutes. Although the witness was unable to account for the defendant's whereabouts on these two occasions, he was fairly sure

that the defendant remained on the premises during the afternoon. The defendant testified that he spent July 3, 1973, at Roy Clark's house.

The defendant's initial contention is that the identification testimony adduced was so vague and uncertain that the State did not prove him guilty beyond a reasonable doubt. We disagree.

■■■ A reviewing court will not substitute its judgment for that of the jury on questions involving the weight of the evidence or credibility of witnesses, and will not reverse a conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. Where the identification of the accused is at issue, testimony of one witness even though contradicted by the accused, is sufficient to convict provided the witness is credible and provided that he viewed the accused under circumstances as would permit a positive identification to be made. (*People v. Stringer*, 52 Ill.2d 564; *People v. Hamilton*, 27 Ill.App.3d 249.) In the instant case four witnesses identified the defendant as the robber. Two of these witnesses were positive of their in court identifications of the defendant. During the robbery, the assailant stood directly in front of one of these witnesses and told her to give him the money. She was able to fully describe the clothing he was wearing. The other witness, who had been only 8 feet away from the robber, was also able to give a full description of the robber's clothing. Both witnesses identified the defendant as the robber at the lineup. Two other witnesses were fairly sure that the defendant was the robber but would not make a positive identification. Although the defendant presented conflicting evidence regarding his whereabouts on the day in question, the jury was justified in believing the State's witnesses rather than the defendant and his alibi witness. Consequently, we find that the evidence sustains the jury's verdict of guilty as charged beyond a reasonable doubt.

■■ The defendant next contends that the prosecutor committed reversible error during closing argument. The State argues that the defendant has waived this issue by failing to object during trial. Because the defendant made no objection during the State's closing argument, we would be inclined to agree with the State's contention. Nonetheless, the merits of the defendant's argument will be discussed.

The first alleged error concerns the State's comment on the defendant's failure to call witnesses. Though failure to call a witness may not be relied on as substantial proof of the charge, if other evidence tends to prove the guilt of the defendant and he fails to bring in evidence within his control in explanation or refutation, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecutor. (*People v. Williams*, 40 Ill.2d 522.) Defendant's alibi witness testified that the ac-

cused was with him on the afternoon of the offense. The defendant corroborated this testimony. No one else, however, supported the defendant's alibi. The failure to call any of the six named persons present at Roy Clark's house on the afternoon of the robbery was a circumstance having some impact on the jury. Since independent evidence pointed to the defendant's guilt, this was the subject of legitimate comment by the prosecutor.

■■ The defendant's final contention is that the State improperly expressed its opinion of his guilt. We find this argument without merit.

It is proper for a prosecutor to argue or express his opinion that the accused is guilty where he states or it is apparent from the record that such opinion is based solely on the evidence. (*People v. Prim*, 53 Ill.2d 62; *People v. Jennings*, 11 Ill.App.3d 132.) After reviewing the State's evidence and the defendant's alibi defense during closing argument, the State's Attorney stated:

> "Ladies and gentlemen, I agree with defense counsel in part, in that I think it is a concern of our judicial system that the wrong man not go to jail. I share that concern and I would not be a part of any proceedings I thought was [*sic*] designed to get the wrong man in jail. But I don't think that what's is [*sic*] occurring. I don't think that is what I am trying to do in this proceeding. * * *
>
> ＊ ＊ ＊
>
> Why are we here? I, as the prosecutor, am susceptible to reasonable persuasion when I make a decision to go forward with a case. ＊ ＊ ＊"

While the above remarks obviously imply the prosecutor felt the defendant was guilty, this same implication is made every time a defendant is prosecuted. We have reviewed the record and find that the prosecutor's remarks were based solely on the evidence adduced at trial. We thus conclude that the prosecutor's remarks concerning the defendant's guilt were proper under the circumstances.

For all of the foregoing reasons, we affirm the judgment of the Circuit Court of Jackson County.

Affirmed.

JONES, P. J., and KARNS, J., concur.